IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

               Plaintiffs,

    v.

LEGENDS OF THE FIELD, LLC,
DAN ZIMPRICH, CIARA ZIMPRICH, and
DCT ENTERPRISES, INC.,

               Defendants.

OPINION & ORDER

15-cv-683-jdp

---

Plaintiffs settled their copyright infringement claims with defendants Dan and Ciara Zimprich and Legends of the Field, LLC more than a year ago. But plaintiffs have filed another suit, alleging recurrence of the same conduct, and adding a new defendant: DCT Enterprises, Inc. Defendants responded to plaintiffs' amended complaint with two answers, asserting nearly identical affirmative defenses and counterclaims. Dkt. 38 and Dkt. 39. Plaintiffs now move to strike all of defendants' affirmative defenses as inappropriate under Federal Rule of Civil Procedure 12(f), and to dismiss all of defendants' counterclaims under Rule 12(b)(6). Dkt. 40 and Dkt. 44. Defendants have taken a wasteful, kitchen-sink approach to their pleading, so plaintiffs' irritation is understandable. But plaintiffs' motions to strike do not significantly contribute to the efficient resolution of the case either. The court will strike a few of defendants' frivolous affirmative defenses, but it will otherwise deny the motions.

ANALYSIS

Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The claim must be "plausible on its face," and include factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although the Seventh Circuit has not yet explicitly ruled on whether the *Twombly-Iqbal* standard applies to affirmative defenses, many courts in this circuit have applied it. *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (collecting cases). For the purposes of this motion, the court will follow what appears to be the emerging rule in this circuit and assume that the *Twombly-Iqbal* standard applies to defendants' affirmative defenses.

Rule 12 allows the court to correct defective pleadings by dismissing them, requiring parties to revise them into more definite statements, or striking them. Motions to strike are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, plaintiffs have the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotation marks omitted). Because plaintiffs have not carried this burden, the court will deny their motion in substantial part.

## A.  Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc.

The Zimpriches and DCT Enterprises have asserted 18 affirmative defenses and alleged 3 counterclaims. Dkt. 38. The gist of their argument is that the settlement agreement

that the parties' reached in their previous litigation precludes this infringement case, and plaintiffs' allegations are more appropriately framed as breach of contract claims. And the Zimprichs and DCT Enterprises allege that it was actually plaintiffs who breached the contract.

Plaintiffs have moved to strike all 18 defenses and all 3 counterclaims. They argue that some affirmative defenses merely state legal conclusions without explanation, that some are inapplicable or inappropriate for the facts of this case, and that some will simply fail as a matter of law. Plaintiffs also reject defendants' breach-of-contract theory of the case and maintain that the alleged infringement took place after the settlement agreement, and thus is not covered by the agreement.

Affirmative defense number three alleges that plaintiffs granted defendants a license to the images at issue, which plaintiffs have expressly disavowed in the settlement agreement. *See, e.g.*, Dkt. 42-1, at 5 ("It is expressly agreed and understood by the Parties that the Photographers are not granting the Zimprichs a license or permission."). This defense is therefore frivolous and will be stricken. Affirmative defense number four alleges that plaintiffs' own negligence caused the alleged infringement. Affirmative defenses number eight and nine allege that plaintiffs failed to mitigate their damages by failing to notify defendants that they were infringing. But it is not plaintiffs' responsibility to either monitor defendants' use or notify defendants when they infringe and give them the opportunity to correct before alleging infringement. These three defenses are frivolous and will be stricken. Affirmative defense number 17 alleges that any infringement is *de minimis* because the allegedly infringing product did not sell. However, copyright infringement does not require sale to be actionable.

3

*See* 17 U.S.C. § 106. It is enough to make or publicly display a copy, and so this defense will also be stricken as frivolous.

The remaining affirmative defenses relate to the claims and genuine arguments at issue in this case and will not be stricken. These include affirmative defenses numbered: 1 (res judicata and collateral estoppel), 2 (claims released in settlement); 5 (breach of settlement); 6 (non-willfulness); 7 (improper joinder); 10 (non-ownership); 11 (statute of limitations), 12 and 13 (licenses from elsewhere); 14 (no moral rights damages); 15 (fair use), 16 (first sale doctrine use); and 18 (misuse of copyrights). Some of these defenses are almost certainly doomed to fail, but the court will not dismiss them out of hand.

Defendants have also adequately pleaded their counterclaims and the court will not dismiss them. The three counterclaims allege that plaintiffs breached the parties' settlement agreement, that they breached their duty of good faith and fair dealing, and that the court should issue a declaratory judgment to enforce the settlement against plaintiffs. Defendants rely on the facts alleged in all of the filings, and on the settlement agreement itself, to contend that plaintiffs sued them for claims that have already been released. Construed in their favor, *see United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016), defendants' counterclaims are supported by sufficient factual allegations to state a plausible claim for relief. The court will deny plaintiffs' motion to dismiss them.

## B. Legends of the Field, LLC

Legends of the Field answered plaintiffs' complaint with 18 of its own affirmative defenses and 3 of its own counterclaims. Dkt. 39. Its arguments are very similar to the other defendants'. Again, plaintiffs moved to strike all of the affirmative defenses and counterclaims. And, for the same reasons, only a few will be stricken. The surviving

affirmative defenses are lettered: A (lack of subject matter jurisdiction); B (res judicata and collateral estoppel); C, D, and E (claims released in settlement); F (waiver and equitable estoppel); H (accord and satisfaction); I (copyright misuse); J (lack of originality); K and N (non-willfulness); O (statute of limitations); P (laches); Q (economic loss doctrine); and R (misjoinder).

Affirmative defense G alleges that plaintiffs provided an implied license. The court will strike this defense for the same reasons discussed above. Similarly, affirmative defenses L and M allege that plaintiffs failed to mitigate their damages by notifying defendant of its infringement, which plaintiffs have no obligation to do. Accordingly, these three affirmative defenses are frivolous and will be stricken. For the reasons articulated above, Legends of the Field's counterclaims for breach of settlement agreement, breach of good faith and fair dealing, and declaratory judgment to enforce settlement will also not be stricken.

## ORDER

IT IS ORDERED that:

1.  Plaintiffs' motion to strike, Dkt. 40, is GRANTED in part and DENIED in part, as explained above.

2.  Plaintiffs' motions to strike, Dkt. 44, is GRANTED in part and DENIED in part, as explained above.

3.  The Zimprich defendants' brief, Dkt. 53, at 21-24, is construed as a motion for attorney fees and costs under 28 U.S.C. § 1927, and is DENIED.

Entered May 10, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge