IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

  v.

LEGENDS OF THE FIELD, LLC, et al.,

                Defendants.

OPINION & ORDER

15-cv-683-jdp

---

      This case is one of several in which plaintiffs, sports photographers Scott Boehm and David Stluka, allege copyright infringement and related claims against numerous defendants, who are mostly sports memorabilia dealers who sell reproductions of sports photographs. This case arises out of an earlier case that the parties had settled. But plaintiffs allege that defendants, Dan and Ciara Zimprich and DCT Enterprises, Inc. (collectively, the Zimpriches), have breached the earlier settlement agreement and committed new acts of infringement.

      The motion before the court comes in the aftermath of a discovery dispute. Plaintiffs asked defendants to produce any copies of plaintiffs' photographs in their possession. Defendants denied having any. Plaintiffs pressed the matter for months until defendants recalled that they had photographs stored on an out-of-use computer, which they then produced to plaintiffs. For failing to make the production as requested, plaintiffs move for sanctions against the Zimpriches and their counsel, Michael Crooks, pursuant to Federal Rule of Civil Procedure 37(c)(1). Dkt. 103. Plaintiffs ask for the maximum penalty: default judgment of liability, with attorney fees and costs against the Zimpriches and Crooks. The court will not impose such a severe penalty, but it will offer plaintiffs an opportunity to

remedy the harm caused by the Zimpriches' delay in providing discovery. Defendants' conduct may also be a relevant consideration in setting damages, and plaintiffs may argue that point when it comes up.

## BACKGROUND

Plaintiffs settled their copyright infringement claims with the Zimpriches in *Boehm v. Zimprich, et al.* (*Boehm I*), No. 14-cv-16 (W.D. Wis. filed Jan. 9, 2014). As part of the settlement agreement, plaintiffs warranted that they had "deleted or destroyed any and all digital copies of [plaintiffs' photographs] from any systems and servers in their possession, custody, or control." Dkt. 42-1, at 5. Plaintiffs later filed this suit, alleging that the Zimpriches engaged in copyright infringement after the date of the settlement agreement and violated the confidentiality restrictions of the settlement agreement.

On March 24, 2016, the Zimpriches responded to plaintiffs' requests for production of documents, stating that they did not possess, control, or have custody of any digital or electronic copies of (1) plaintiffs' photographs or (2) photographs that they received or copied from Amanda McVeigh or Jesse Winiecki. Despite this statement, on August 5, 2016, the Zimpriches delivered a thumb drive containing more than 100 photographs that they received or copied from Winiecki, seven of which are owned by plaintiffs, and 55 digital copies of plaintiffs' photographs that were at issue in *Boehm I*—photographs that the Zimpriches warranted in the settlement agreement that they had destroyed. The Zimpriches do not dispute that they possessed these photographs for years, despite their earlier statements to the contrary.

The fact that the Zimpriches possessed these photographs only came to light as a result of plaintiffs' dogged efforts to uncover them in a related case, *Boehm v. Scheels All Sports, et al.*, No. 15-cv-379 (W.D. Wis. filed June 19, 2015). In *Scheels*, plaintiffs issued a third-party subpoena to the Zimpriches requesting copies of any digital or electronic copies of photographs that the Zimpriches received or copied from McVeigh or Winiecki. The Zimpriches, through Crooks, responded to this subpoena on March 24, 2016, as well, stating that they did not possess any such photographs. Plaintiffs told Crooks that they questioned the veracity of the Zimpriches' responses and urged the Zimpriches to search more thoroughly for the photographs. The Zimpriches continued to assert that they did not possess any photographs from McVeigh or Winiecki. Crooks eventually told plaintiffs that although he had been facilitating the Zimpriches' response to the *Scheels* subpoena, he did not represent them in that matter and instructed plaintiffs to follow up with the Zimpriches directly. Plaintiffs moved to compel the Zimpriches to comply with the subpoena. The court granted plaintiffs' motion on June 28, 2016. *Scheels*, No. 15-cv-379, Dkt. 426. A week later, plaintiffs deposed Ciara Zimprich under subpoena in *Scheels*. For the first time, Ciara Zimprich admitted that she did possess digital copies of photographs from McVeigh or Winiecki. She believed they were on a computer in her children's room that she had forgotten about until that day. The next month, the Zimpriches gave plaintiffs a thumb drive containing the photographs at issue. These files had been stored on a hard drive in the Zimpriches' home basement that they had forgotten about.

Plaintiffs' attorney conferred with Crooks in an attempt to resolve the discovery dispute in this case without court intervention; Crooks submitted supplementary responses to plaintiffs' requests for production of documents, but otherwise refused plaintiffs' request to

advise the court of this evidence and withdraw the Zimpriches' motion for summary judgment and counterclaim. Plaintiffs then moved for sanctions.

## ANALYSIS

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). The district court "has broad discretion in imposing sanctions." *Tamari v. Bache & Co. (Leb.) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984).

Plaintiffs request a severe sanction: default judgment. "Default judgment is strong medicine for discovery abuse. It is appropriate only where 'there is a clear record of delay or contumacious conduct,' where 'other less drastic sanctions have proven unavailing,' or where a party displays 'willfulness, bad faith, or fault.'" *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), and *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006)).

Plaintiffs contend that default judgment is an appropriate sanction because the newly discovered digital photographs contradict the factual allegations in the Zimpriches' motion for summary judgment and counterclaim against plaintiffs. In those filings, the Zimpriches claim that plaintiffs breached the *Boehm I* settlement agreement first by filing this lawsuit. This new evidence, plaintiffs argue, proves that the Zimpriches violated the terms of the settlement agreement immediately, because they retained copies of plaintiffs' photos despite their warranty to the contrary. Plaintiffs were unable to make this argument when responding

4

to the Zimpriches' motion for summary judgment, Dkt. 63, and motion for default on the counterclaim, Dkt. 86, because the Zimpriches did not produce this evidence until after the briefing deadlines for these motions.

The Zimpriches' delayed production prejudiced plaintiffs by limiting their responses to the Zimpriches' motion for summary judgment. But "an award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993). To remedy harm plaintiffs suffered, the court will allow plaintiffs to file a supplemental brief in opposition to the Zimpriches' summary judgment motion. This supplemental brief must be filed within 14 days of the date of this order. Given the Zimpriches' representation that "nothing found on that computer changes any of the arguments in the Zimprichs' motion for summary judgment [and] counterclaim," Dkt. 124, at 7, the court does not invite a supplemental reply brief from them.

Plaintiffs also request an award of attorney fees and costs against the Zimpriches and their counsel, Crooks. As to Crooks, plaintiffs argue that he refused to advise the court of the newly discovered photographs and withdraw the filings containing factual assertions that this evidence contradicts. The court declines to assess fees and costs against Crooks, as he revised the Zimpriches' discovery responses when he learned of the new evidence and did not act unreasonably or in bad faith when he refused to withdraw the Zimpriches' summary judgment motion and counterclaim. However, the court may consider the Zimpriches' failure to produce this evidence when it determines an award of statutory damages, attorney fees, and costs.

The court will deny the Zimpriches' request for an award of attorney fees and costs against plaintiffs and their counsel. Plaintiffs' counsel's persistence is, at times, undoubtedly annoying to opposing counsel. But in this case (as in others) he delivered the goods: contrary to their denials, defendants had unauthorized copies of plaintiffs' photographs.

ORDER

IT IS ORDERED that:

1. Plaintiffs Scott Boehm and David Stluka's motion for sanctions, Dkt. 103, is GRANTED in part, as provided in this order.

2. Plaintiffs may file a supplemental brief in opposition to the Zimpriches' motion for summary judgment, Dkt. 63, by October 21, 2016.

Entered October 7, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge