IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                Plaintiffs,

v.

LEGENDS OF THE FIELD, LLC, DAN ZIMPRICH, CIARA ZIMPRICH, and DCT ENTERPRISES, INC.,

                Defendants.

ORDER

15-cv-683-jdp

---

On October 9, 2017, plaintiffs Scott Boehm and David Stluka and pro se defendants Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc., (collectively the Zimprich defendants) filed notice with the court of their intent to stipulate to "the Court entering an order permanently enjoining the Zimprich Defendants from producing and/or selling any products featuring Plaintiffs' photographs and thereafter dismissing all claims in this action that Plaintiffs have alleged against the Zimprich Defendants and any counterclaims that the Zimprich Defendants have alleged against Plaintiffs *without prejudice*." Dkt. 219, at 2. In an October 30 order, the court construed the stipulation as a motion for entry of judgment and instructed the parties to ask the bankruptcy court to lift the litigation stay resulting from Dan and Ciara Zimprich's bankruptcy proceedings so that the court could grant the motion. Dkt. 220. The court also noted that the signature line for DCT Enterprises was left blank on the stipulation filed with the court, and so it instructed the parties "to make clear that DCT Enterprises agrees to the resolution of claims that the parties have proposed" upon informing the court that the stay is lifted. *Id.* at 2.

Plaintiffs have informed the court that the stay is now lifted, *see* Dkt. 224, but they have been unable to provide an update on DCT Enterprises because they haven't been able to get in touch with the Zimpriches, despite "numerous attempts" to do so. Dkt. 227. This could call into question whether the Zimprich Defendants still want the court to issue the order to which they stipulated back in October. But three facts indicate that the Zimprich Defendants still agree to the resolution of claims proposed in the October stipulation. First, DCT Enterprises is solely owned by Dan and Ciara Zimprich, so it's reasonable to infer that DCT Enterprises agrees to the resolution of claims to which the Zimpriches agree. Second, the Zimpriches' bankruptcy lawyer joined the motion to lift the bankruptcy stay so that this court could enter the order proposed in the October stipulation, so it appears that the Zimpriches were still on board with the plan a few weeks ago. *See In re Dan Edward Zimprich and Ciara Autumn Zimprich*, No. 16-13744, Dkt. 94 (Bankr. W.D. Wis. filed Mar. 13, 2018). Finally, copies of the recent filings concerning this issue have been sent to the Zimpriches, and they have not informed the court that they no longer want the court to issue the order proposed in the October stipulation.

Given these circumstances, and given that the parties request dismissal *without* prejudice, the court will grant the motion for entry of judgment and dismiss the Zimprich Defendants from the case.

ORDER

IT IS ORDERED that:

1. Plaintiffs' and defendants Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc.'s motion for entry of judgment, Dkt. 219, is GRANTED.

2. Defendants Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc., are permanently enjoined from producing or selling any products featuring plaintiffs' photographs.

3. All claims by and against defendants Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc., are DISMISSED without prejudice, with each party to bear its own fees and costs.

4. Defendants Dan Zimprich, Ciara Zimprich, and DCT Enterprises, Inc., are DISMISSED from this case.

Entered March 27, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge