IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM and DAVID STLUKA,

                        Plaintiffs,

v.

LEGENDS OF THE FIELD, LLC,

                        Defendant.

OPINION & ORDER

15-cv-683-jdp

---

      Plaintiffs Scott Boehm and David Stluka are professional sports photographers. They have sued numerous sports memorabilia retailers in multiple lawsuits for copyright infringement. This is their second lawsuit against defendant Legends of the Field, LLC. Now before the court are the parties' cross-motions for summary judgment. Dkt. 105 and Dkt. 144. Legends moves for summary judgment that plaintiffs' infringement claims are barred by a number of affirmative defenses, among other things. Because the doctrine of claim preclusion clearly bars plaintiffs' copyright infringement claims, the court will dismiss those claims with prejudice and relinquish supplemental jurisdiction over the remaining state-law claims.

UNDISPUTED FACTS

      The following facts are undisputed except where noted.

      Plaintiffs are professional sports photographers. They have registered their copyrights to the photos at issue in this suit. Legends sells sports memorabilia through its retail stores. It acquired digital copies of plaintiffs' photos without authorization. Legends then offered for sale in its stores prints, canvases, and posters featuring plaintiffs' photos.

Plaintiffs first brought suit against Legends, among others, in *Boehm v. Zimprich* (*Boehm I*), No. 14-cv-16 (W.D. Wis. filed Jan. 9, 2014), *transferred from* No. 13-cv-1031 (S.D.N.Y. filed Feb. 14, 2013). Plaintiffs alleged that Legends created, displayed, or sold items featuring plaintiffs' photos without authorization. The court granted plaintiffs' motion for partial summary judgment, finding that Legends infringed plaintiffs' copyrights. On January 13, 2015, before the court could resolve the remaining damages issues in the case, plaintiffs entered into a settlement agreement with Legends of the Field. *See* Dkt. 116-3. Under the terms of the settlement, Legends agreed to pay plaintiffs a certain monetary sum and represented that (1) it had "removed any and all copies of all [of plaintiffs'] photos identified in the Action on document bates-labeled GETTY P000447 from any and all websites in its control"; (2) it had "deleted or destroyed any and all digital copies of those photos from any systems and servers in its possession"; and (3) it would "refrain from any unauthorized uses of those photos in the future." *Id.* at 3–4. Both parties released all claims "of any nature[,] accrued or unaccrued, . . . known or unknown, arising out of the substance of the claims, defenses, or positions of any Party asserted in the Action, including specifically any and all claims of unauthorized use of [plaintiffs'] images by [Legends] from the beginning of time to the Effective Date" of the agreement, that is, January 13, 2015. *Id.* at 3. Both parties also agreed to keep the terms of the agreement confidential. Plaintiffs dismissed their claims against Legends with prejudice on January 16. *See* No. 14-cv-16, Dkt. 174. Legends paid the full settlement amount to plaintiffs on March 24 in accordance with the agreement.

But despite Legends' representation, it did not remove every infringing item from its inventory. Some items were overlooked. After the settlement agreement was signed and *Boehm I* was dismissed, Legends sold several items featuring plaintiffs' photos and publicly

2

displayed several of plaintiffs' photos in online advertisements. After plaintiffs became aware of these infringing acts, they filed this lawsuit on October 23, 2015. The court will refer to this lawsuit as *Boehm III* to distinguish it from *Boehm v. Martin* (*Boehm II*), No. 15-cv-379 (W.D. Wis. filed June 19, 2015), a related lawsuit filed against several sports memorabilia retailers and suppliers who bought infringing items from or sold infringing items to the *Boehm I* defendants. In a September 27, 2017 opinion, the court determined that many of plaintiffs' claims in *Boehm II* could have been litigated in *Boehm I* and therefore were barred by claim preclusion. *See Boehm II*, No. 15-cv-379, 2017 WL 4326308.

In *Boehm III*, plaintiffs assert claims against Legends for breach of the settlement agreement's confidentiality provision, fraudulent misrepresentation concerning removing plaintiffs' photos from its inventory, and engaging in new infringing acts, both directly and indirectly. Legends asserts counterclaims for breach of the settlement agreement's release, breach of the duty of good faith and fair dealing for failing to notify Legends of technical breaches, and declaratory judgment to enforce the settlement agreement.

The court has subject matter jurisdiction over plaintiffs' copyright infringement claims under 28 U.S.C. § 1331 because they arise under federal law. It may exercise supplemental jurisdiction over plaintiffs' state-law claims and Legends' counterclaims under 28 U.S.C. § 1367.

## ANALYSIS

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When, as here, the parties have filed cross-motions for summary

judgment, the court "look[s] to the burden of proof that each party would bear on an issue of trial; [and] then require[s] that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). If either party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment against that party is appropriate. *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). "As with any summary judgment motion, this [c]ourt reviews these cross-motions 'construing all facts, and drawing all reasonable inferences from those facts, in favor of . . . the non-moving party.'" *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 748 (7th Cir. 2007)).

Legends argues that plaintiffs' claims of copyright infringement are barred by the *Boehm I* settlement agreement, among other things. The thrust of Legends' argument is that the infringing acts at issue in *Boehm III* all concern copies of plaintiffs' photos that were at issue in *Boehm I* and incorporated into the *Boehm I* settlement agreement, and therefore fall within the scope of the *Boehm I* settlement agreement release. This argument aligns with the court's claim preclusion analysis in *Boehm II*. If claim preclusion applied to claims against the *Boehm II* defendants, who weren't defendants in *Boehm I*, it clearly applies to claims against Legends, who was a defendant in *Boehm I*. Even if Legends hadn't made a similar argument in this case, the court may raise claim preclusion sua sponte where, as here, the doctrine "clearly applies." *Reed v. Mackey*, 669 F. App'x 307, 308 (7th Cir. 2016) (citing *Kratville v. Runyon*, 90 F.3d 195, 197–98 (7th Cir. 1996)). So the court will undertake the same claim preclusion analysis used in *Boehm II*.

4

"Claim preclusion applies when (1) the two lawsuits 'arise out of "a common core of operative facts"'; (2) the parties are identical or in privity; and (3) the first lawsuit resulted in a final judgment on the merits." *Boehm II*, 2017 WL 4326308, at *4 (quoting *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016)). Beginning with the first element, "to determine whether the same transaction is at issue in both cases, courts 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Id.* (quoting *Bernstein v. Bankert*, 733 F.3d 190, 227 (7th Cir. 2013)). Just as in *Boehm II*, plaintiffs' infringement claims here involve the same law and legal basis for recovery. The same images—and the same copies of those images—are at issue in both suits. And the parties are the same. The infringing acts may be different, but as explained in *Boehm II*, that fact is not decisive when the additional acts of display or distribution involve copies covered by the judgment. *See id.* The first element is satisfied. The second element, identity of parties, was the decisive issue in *Boehm II*—because the *Boehm II* defendants' interests were not adequately represented by Legends in *Boehm I*, claim preclusion did not apply to the "Legends joint tortfeasors" (unlike the "Zimprich joint tortfeasors"). But not so here, where the parties are *exactly* the same. The second element is satisfied. And the third element, a final judgment, is satisfied for the same reasons discussed in *Boehm II*: "A stipulation of dismissal with prejudice is a final judgment for claim preclusion purposes." *Id.* at *5.

As the court explained in *Boehm II*, "claim preclusion bars successive litigation of any claims that were litigated or could have been litigated in *Boehm I*." *Id.* at *6. That means plaintiffs are barred from litigating any claim of infringement against Legends "based on infringing copies made before January 16, 2015, the date of the final judgment in *Boehm I*.

5

New copies of plaintiffs' copyrighted works made after that date inflict injuries sufficiently distinct to regard them as not arising from the core of operative facts in *Boehm I*. But the continued public display or distribution of previously made copies is merely an ongoing manifestation of the injury addressed in *Boehm I*." *Id.* at *7.

Applying this rule to the claims presented in this case, the court concludes that all of plaintiffs' infringement claims are barred. Plaintiffs argue that "the court cannot infer from the record that [Legends' infringing acts] occurred prior to" the settlement and entry of judgment in *Boehm I*. Dkt. 133, at 115. It's true that claim preclusion is an affirmative defense, and thus Legends bears the burden of adducing evidence showing that plaintiffs' claims are based on copies made before January 16, 2015. Legends has not done so for each act of infringement, because plaintiffs continue to obfuscate the precise acts of infringement at issue in this suit. But Legends adduces evidence that it has not printed any photos since before the *Boehm I* judgment, and plaintiffs adduce no evidence to dispute this. *See* Dkt. 152, ¶ 32. Plaintiffs' filings make perfectly clear that their infringement claims concern physical copies of plaintiffs' photos that Legends failed to remove from its inventory before entry of judgment in *Boehm I*. *See, e.g.*, Dkt. 133, at 18–19.[1] And plaintiffs specifically argue that any copying by Legends was done before entering the settlement agreement; only the post-settlement display and sale of those copies are the focus of plaintiffs' claims in this suit. *See id.* at 100. So the court will grant summary judgment in Legends' favor on the copyright infringement claims.

---

[1] Plaintiffs' claims also concern the online display of some of those physical copies. *See, e.g.*, Dkt. 30-3. As the court explained in *Boehm II*, "[o]nline display of lawfully acquired prints to promote their sale would be a fair use." 2017 WL 4326308, at *17. So these claims fail as a matter of law.

That leaves the parties' supplemental state-law claims. Under 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But it is "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). The court sees no reason to depart from the circuit's general rule here. Without the copyright infringement claims, the parties are left with a garden-variety contract dispute. And without the potential for statutory damages and attorney fees that are available under copyright law, it is not at all clear that the remaining claims warrant adjudication in federal court, if anywhere.

Accordingly, the court will dismiss all state-law claims without prejudice.

ORDER

IT IS ORDERED that:

1. Defendant Legends of the Field, LLC's motion for summary judgment, Dkt. 105, is GRANTED in part.

2. Plaintiffs Scott Boehm and David Stluka's motion for partial summary judgment, Dkt. 144, is DENIED as moot.

3. Plaintiffs' motion to compel, Dkt. 174, is DENIED as moot.

4. Plaintiffs' copyright infringement claims are DISMISSED with prejudice.

5. Plaintiffs' remaining claims and defendant's counterclaims are DISMISSED without prejudice.

6. The clerk of court is directed to enter judgment accordingly.

Entered March 28, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge